UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:20-cv-01623-CJC-MAA | Date: March 4, 2020 |
| Title: Darrell Huggins v. Kelly Santoro | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Erica Valencia | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings (In Chambers):** Order to Show Cause Why the Petition Should Not Be Dismissed for Failure to Exhaust

On February 18, 2020, Petitioner Darrell T. Huggins, acting *pro se*, initiated an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Washington. ("Petition," ECF No. 1.) The Petition alleges one ground for federal habeas relief: "Ineffective counsel violation of Constitutional rights Federal property and In Federal program." (*Id.* at 6.) Petitioner also states he "wasn't Miranderize [sic] at the scene or time of crime as accused." (*Id.*) On February 19, 2020, the United States District Court for the Eastern District of Washington directed the action to be transferred to this Court, the United States District Court for the Central District of California, because "Petitioner challenges his term of confinement arising from a conviction in Los Angeles County in the Central District of California." (ECF No. 3, at 1.)

On February 20, 2020, having noted several apparent deficiencies in the Petition, the Court ordered Petitioner to address the deficiencies by (1) showing cause why the Petition should not be dismissed for failure to exhaust; (2) filing a response naming the proper respondent, the warden of North Kern State Prison; and (3) submitting either the filing fee for this action of $5 or a completed request to proceed *in forma pauperis* with the required supporting documentation. ("February 20 Order," ECF No. 6.)

The Court received and filed a letter from Petitioner addressed to the Clerk of Court and dated February 27, 2020. ("Letter," ECF No. 7.) The Letter is apparently responsive to the February 20 Order. In the Letter and its attachments, Petitioner indicates (1) he has filed a petition for writ of habeas corpus in the Kern County Superior Court; (2) the warden of North Kern State Prison is

Kelly Santoro; and (3) he has requested that his institution debit his inmate trust account and transmit the filing fee to the Court.  (*Id.* at 1.)

With respect to the personal jurisdiction issue identified in the February 20 Order, Petitioner has identified Kelly Santoro as the warden of North Kern State Prison.  (*See* Letter at 1-2.)  Petitioner acknowledges her identification as "inportant [sic] to case also of Personal Jurisdiction."  (*Id.* at 1.)  The Court liberally construes Petitioner's identification of Kelly Santoro as an amendment to his Petition pursuant to Federal Rule of Civil Procedure 15(a) to substitute her as sole respondent.

With respect to the fee issue identified in the February 20 Order, the Court acknowledges Petitioner's efforts to submit the $5 fee and *sua sponte* extends Petitioner's deadline to submit the fee to **April 3, 2020**.

With respect to the exhaustion issue identified in the February 20 Order, however, Petitioner's submission of materials relating to a pending habeas proceeding in the Kern County Superior Court does not cure his apparent failure to exhaust his claims in state court.  To exhaust claims in state court, a federal habeas petitioner in the custody of the state of California generally must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  Although the Letter identifies a pending habeas proceeding in the state superior court (Letter at 1-2), Petitioner has yet to identify any completed proceeding in the California Supreme Court in which the high state court adjudicated the claims presented in the Petition.  Moreover, the document attached to the Letter does not identify the claim or claims Petitioner presented to the superior court; without such information, this Court cannot confirm whether Petitioner even is attempting to exhaust the claims presented in the Petition in the state courts.  (*See id.* at 2 (providing only the face page to Petitioner's superior court petition).)

Principles of comity provide that this Court should not adjudicate Petitioner's claims until the California Supreme Court is given the first and full opportunity to review and decide his claims of federal constitutional error.  *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).  Accordingly, unless and until Petitioner presents his claims to the California Supreme Court, the Petition remains fully unexhausted and subject to summary dismissal without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).

Before the Court recommends dismissal of the action, the Court will afford Petitioner one final opportunity to respond.  Petitioner is **ORDERED** to show cause why the Court should not

recommend dismissal of the Petition for failure to exhaust claims in state court.  Petitioner shall respond to this Order to Show Cause in writing no later than **April 3, 2020**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

> (1) <u>Notice of Dismissal</u>.  Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.
>
> (2) <u>Request for *Rhines* Stay</u>.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277-78.
>
> (3) <u>Response to Order to Show Cause</u>.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that his claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court. (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**Petitioner is expressly cautioned that failure to respond to this Order by April 3, 2020 will result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust his claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

   It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))